UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 19-cr-10081-IT |
| WILLIAM FERGUSON, | FILED UNDER SEAL |
| Defendants | |

### GOVERNMENT'S RESPONSE TO COURT ON PUBLIC ACCESS
### TO DEFERRED PROSECUTION AGREEMENT

The United States respectfully responds to the concerns expressed by the Court in a sealed conference on September 21, 2021, regarding public access to the deferred prosecution agreement ("DPA") between the United States and Defendant William Ferguson.

The United States and the Court agree that the public interest in transparency and public access to criminal proceedings is paramount. As undersigned counsel stated at the sealed hearing, the Statement of Agreed Facts in support of the DPA in this case is analogous to an allocution at a change of plea hearing under Federal Rule of Criminal Procedure 11. The government believes it is important that the public have access to the Statement of Agreed Facts in this case, just as it is important that the public have access to a defendant's allocution in a Rule 11 hearing. For that reason, the DPA and the proposed order that accompanies it ensure that the public will have access to the filing if the Court accepts the DPA and issues the proposed order pursuant to 18 U.S.C. § 3161(h)(2). *See* DPA ¶ 14.

The government respectfully requests that the Court accept and unseal the defendant's signed Statement of Agreed Facts in its entirety because the government believes that the information therein is important in order for the public to understand the significance of the

DPA.  The Statement of Agreed Facts provides a brief and general description of the Wake Forest recruiting system and recognizes that the defendant has acknowledged his duty to Wake Forest and his understanding of his role in the scheme.  These sections of the Statement of Agreed Facts give the public access to the defendant's understanding of his own conduct, and they are limited to this defendant and the school where he worked while participating in the scheme.  For the purposes of approval under 18 U.S.C. § 3161(h)(2), as the Court acknowledged in the sealed hearing, the Court's scrutiny of the DPA is limited to the appropriateness of excluding time under the Speedy Trial Act.  *See United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 129 (2d Cir. 2017); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 738 (D.C. Cir. 2016).  The DPA in this matter results from a good-faith, arms-length negotiation.  As the government explained in the sealed hearing, the DPA allows the defendant to demonstrate good conduct, contains mechanisms to assure compliance and acceptance of responsibility, and based on these terms, represents an exercise of prosecutorial discretion to forgo prosecution of the pending charge against the defendant.

Relatedly, the government believes that it is appropriate for the government to issue a written press release upon the resolution of a criminal case.  The government expects to issue a press release in this case referring to the filing of the DPA, its terms, and basic underlying facts that bear on the DPA.  The press release will be in keeping with Local Rule 83.2.1 and will make no reference to the remaining co-defendants or the continuing criminal case.

Accordingly, the government respectfully requests that the Court approve the DPA, enter the necessary order under 18 U.S.C. § 3161(h)(2), and unseal the filings.

3

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By:    /s/Kriss Basil
        KRISTEN A. KEARNEY
        LESLIE A. WRIGHT
        KRISS BASIL
        Assistant United States Attorneys